N. H. Bostwick, for defendants.

---

(Hamilton Co., O., Court of Common Pleas.)

JUSTUS GOEBEL et al. v. KANAWHA VALLEY BANK.

---

The credits of a non-resident debtor may, without personal service on him, be attached in this state by serving process of garnishment on his debtor residing within the jurisdiction of the court issuing the process and serving him by publication under the statute.

(Decided January Term, 1896.)

---

SAYLER, J.

The plaintiffs file their petition against the defendant, a corporation under the laws of West Virgnia, on a claim for $402 and sue out a writ of attachment on the ground that the defendant is a foreign corporation. The affidavit for the attachment sets out that the National Lafayette Bank of Cincinnati has in its possession moneys, rights and credits, the property of the defendant. The order of attachment is returned; no goods, etc., found to attach; served the National Lafayette Bank with a copy of

writ and notice to appear and answer, etc. The garnishee was indebted to the defendant, and plaintiffs proceeded to serve the defendant by publication, under the statute.

The defendant appearing for the purposes of the motion, moves the court to dismiss the garnishment proceedings on the ground that the defendant is a non-resident of the state of Ohio and no service of process has been made upon it, except by publication.

In the case of Root et al. v. Davis et al., 51 Ohio St. 29, the question was whether, in a proceeding commenced by a plaintiff residing in one county against a defendant residing in another county of this state, a debtor of the defendant residing in the county where the suit is commenced, may be garnisheed on ground of non-residence of the defendant and required to pay the money owing by him to the defendant into court, although service by publication only has been made on the defendant. The court holds that it can be done. But in deciding the case the court say: Ib. 36: "It is claimed, however, that without a physical seizure of the property in Lucas county, the magistrate had no jurisdiction to order the payment of the amount due from the garnishees into court, as no personal service was obtained upon the defendants in the action. A number of cases are cited in support of this proposition. But they are all cases where the defendant was a non-resident of the state in which the action was commenced. It may be conceded, that the credits of a non-resident debtor, without personal service upon him, cannot be attached in this state, by simply serving the process of garnishment upon his debtor residing within the jurisdiction of the court, issuing the process. That would be, as claimed, to give to the laws of a state an extra territorial effect. In Railroad Company v. May, 25 Ohio St. 347, it was held that the indebtedness of the company to a person residing in this state could be attached in the courts of a sister state, without personal service; but this, in the opinion of the author of a recent work, seems opposed to the decision of the Supreme Court of the United States. Reno on Non-Residence, section 140. A number of the state courts take the same view. Id., section 216. But as between citizens of the state subject to its laws, the case is wholly different."

In the case of Railroad Co. v. May, a suit was brought in Ohio by May to recover the sum of $109 from the Railroad Co. The company answered that it was operating its road in West Virginia and Ohio; that a creditor of May had sued him in West Virginia and had attached the money due him that an order had been made by the justice in said attachment proceedings that the defendant should pay the money into court, to satisfy the attaching creditors; that the justice under the laws of West Virginia had jurisdiction; that the judgments, etc., remained in full force; that the money so attached was the same sought to be recovered in this case. The Supreme Court held the answer good, saying: "The Justice of the Peace in West Virginia, having jurisdiction of the subject of the action and of the parties, the order in attachment made upon the garnishee, was a valid appropriation of the moneys in his hands to the payment of the attaching creditors' claims."

This case is not overruled and I take it to be the law of Ohio to-day.

Mr. Reno says it is opposed to the decision of the Supreme Court of the United States. He refers to the case of Cole v. Cunningham, 133 U. S. 107, and says: "Cole v. Cunningham, 133 U. S. 107, seems also to support the proposition that garnishee proceedings against a debt due to a non-resident, non-served and non-appearing defendant, are not entitled to full faith and credit in other states."

Now, I submit that the case of Cole v. Cunningham does not support such proposition, and that Mr. Reno has entirely mis-apprehended the decision of the court in the case. The inquiry in that case was "whether, in a proper case, the equity courts of one state can control persons within their jurisdction from the prosecution of suits in another." (Ib. 116.) The court say: "If they can, in accordance with the principles of equity jurisprudence and practice, no reason is perceived for contending that the constitution of United States prescribes any different rule." (Ib.) The court proceeds: "The jurisdiction of the English Court of Chancery to restrain persons within its territorial limits and under its jurisdiction from doing anything abroad, whether the thing forbidden be a conveyance or other act, in pais, or the institution or the prosecution of an action in a foreign court, is well settled." And the court, in a very elaborate opinion, citing many cases, holds the English rule to be the law of this country, and holds that a court of equity in the state of Massachusetts at the suit of one citizen (an assignee of an insolvent estate) may restrain another citizen within its jurisdiction from prosecuting a suit in attachment in the estate of New York. It was held that the decree of the Massachusetts court did not violate the "full faith and credit" clause of the constitution, not, because as Mr. Reno says: "the New York garnishee proceedings were not entitled to any faith and credit, or force and effect, in Massachusetts," but, because of this equity power of the Massachusetts court to restrain its citizen from doing that in New York which "tended directly to defeat the operation of the Insolvent Law (of Massachusetts) in its most essential features" (Ib. 122), "and the exercise of this jurisdiction in no manner interferes with the supreme control over the property by the state within which it is situated." (Ib. 118.) That it was not determined in that case that a garnishee proceeding could not be maintained on service by publication is clear from the statement of Mr. Justice Miller in his dissenting opinion: "Indeed it is not questioned in the very learned opinion of the court in this case that if Butler, Hayden & Co. had been permitted to go on with their proceeding in New York, they would have secured an order in the court in which the proceedings were pending, that the garnishees, Aaron Claflin & Co., should pay the amount of their indebtedness to the plaintiff in that action. But the whole argument of the court is, that, because Butler, Hayden & Co. were citizens of Massachusetts, they were under some superior obligation to the law of Massachusetts, and to be governed by the rights that law conferred, which prevented them from availing themselves of the law of New York that gave them this superior right."

In the case of Owen v. Miller, 10 Ohio St. 136, a person residing in Ohio sold land to a person residing in Ohio, took notes and a mortgage, for the purchase-money and removed to New Jersey, where, under a writ of attachment issued against him as an abconding debtor, the notes were seized and sold, the court held that the notes were merely evidences of indebtedness, and the seizure of them in New Jersey gave no power to divest the property in the debt secured by the notes and mortgage, which is to be regarded as existing where the makers of the notes, the debtors, resided.

In the case of Catlin v. Wilcox Silver Plate Co., 123 Ind. 477, the court say, Ib. 483: "In cases of attachment and garnishment, like those for founding administration, the situs of a debt is the residence of the debtor." Citing 109 U. S. 654; 10 Ohio St. 136. See, also, 44 Conn. 203.

In the case of Green v. Van Buskirk, 7 Wall. 139, the court held that, "The fiction of law that the domicile of the owner draws to it his personal estate wherever it may happen to be, yields whenever, for the purposes

óf justice, the actual situs of the property should be examined." See, also, 96 N. Y. 255; 17 How. (U. S.) 335, 337.

It is provided by sec. 5030 of the Rev. Stat., that, "an action other than one of those mentioned in the first four sections of this chapter, against a non-resident of this state, or a foreign corporation, may be brought in any county in which there is property of, or debts owing to the defendant, or where such defendant is found," etc. An action in attachment comes within the perview of this section; it may be brought against a non-resident of this state, in a county in which debts are owing to such non-resident. It is manifest that it is not necessary to obtain personal service on the defendant. to give the court jurisdiction in such case, and that constructive service may be had; because if personal service may be obtained, then it is a case in which the suit is brought in the county "where such defendant is found" under the section, and which would make the provisions of this section as to bringing a suit in a county where debts are owing to a defendant mere surplusage.

The quotation from Root v. Davis, supra, is an obiter dictum and so long as Railroad Co. v. May, supra, is not overruled, I think the court should follow it.

The motion to dismiss the attachment will be overruled.

Peck & Shaffer, for motion.

Burnwell & Bruce, contra.